IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM L. NANCE,

        Plaintiff,

vs.                                      CIVIL NO.   05-827 LFG/KBM

CITY OF CLOVIS et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff William L. Nance's ("Nance") Motion for Appointment of Counsel [Doc. 2].  No response is necessary.

In this Title VII lawsuit, Nance, presently proceeding as a *pro se* litigant, requests that the Court appoint counsel to assist him.  He contends that he has tried without success to obtain other counsel and has met with three attorneys.  He represents that he received assistance in preparing court pleadings.  He further states that he lacks the ability to express himself in court and needs assistance in prosecuting his case.

There exists neither a constitutional nor a statutory entitlement to appointment of counsel in an employment discrimination action.  Poindexter v. F.B.I., 737 F.2d 1173, 1179 (D.C. Cir. 1984); Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). Notwithstanding this general rule, in an employment discrimination case brought pursuant to 42 U.S.C. § 2000e *et seq.*, a court may exercise its broad discretion to appointment counsel for plaintiff. Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992).

While Congress has evidenced a decided preference for legal representation in employment discrimination cases, *see, e.g.*, H.R. Rep. No. 92-238 (1972), *reprinted in 1972* U.S.C.C.A.N., 2137, 2148; and Poindexter v. F.B.I., *supra* at 1182-83, the Court is also mindful that Congress has not provided any mechanism, process or funds to pay appointed counsel. Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees or to defray the costs of litigation.

In Castner v. Colorado Springs Cablevision, *supra*, the Circuit outlined various factors the Court should consider in determining whether to exercise its discretion and appoint counsel. Those factors are: (1) the litigant's financial inability to pay for counsel; (2) diligence in attempting to secure counsel; (3) meritorious allegations of discrimination; and (4) inability to proceed with the case without the assistance of counsel.

Nance has not satisfied the first Castner factor in that he did not provide the Court with any information concerning his financial status. This is not a case in which *in forma pauperis* status has been granted, and, by virtue of a financial affidavit, the Court has a basis to determine indigency. Rather, Nance has provided no information regarding income, disability pay, workers compensation, social security, pension, interest income, dividends, trust funds or unemployment compensation. The Court knows nothing of Nance's assets and liabilities. Indeed, the only information before the Court is that Nance paid the requisite filing fee. Thus, the Court is without information to conclude that Nance is financially unable to pay for counsel, and is, therefore, unable to make any finding under the first Castner factor.

Secondly, Nance provided insufficient information concerning his diligence in attempting to secure counsel. Nance reports that he tried to obtain counsel "by meeting with three different attorneys." He reports "one did not want to counsel, one did not have the time and one asked an exhorbant [sic] amount just to get started." This is scarcely sufficient diligence.

A successful litigant in a Title VII lawsuit is entitled to request and receive an award of attorney fees. Thus, Title VII cases may be considered fee-generating. Since attorney fees may be awarded to a successful litigant, a lawyer can consider this case as a contingency lawsuit. If the case appears meritorious, most lawyers would be willing to risk their time and talent in the pursuit of the litigation. Therefore, if the plaintiffs' bar is declining the case, it may be based on an assessment of the case's lack of merit.

Of the three attorneys to whom Nance spoke, one did not have the time to take the case. Nance did not speak with other attorneys who may have had more time. As to the attorney who "did not want to counsel," Nance does not indicate that the attorney rejected the case because he or she did not feel it was meritorious. If that is the situation, then Nance may well be unable to find other attorneys who would be willing to take the case. Nance simply did not provide specific information as to why that attorney declined representation. If representation was declined because of the attorney's view of the strength or weakness of the case, then, the third Castner factor, meritorious allegations, are implicated.

Nance next asserts that the third attorney with whom he consulted sought an exorbitant amount of money "to get started." There was no discussion about the possibility of securing partial litigation costs from the Court's civil justice panel.

Nance provided no information concerning other attempts to secure counsel. The Court notes that there are publicly funded programs that provide free legal services to those who meet eligibility

3

guidelines. So, too, there are pro bono legal service programs offered through the State Bar of New Mexico. Nance has not sought assistance from these legal resources. In the absence of more specific showing, the Court is unable to find that Nance satisfied the second prong of the Castner test.

The Court is next required to conduct a preliminary evaluation of the complaint to determine whether it is facially meritorious. This preliminary review is only to determine whether the claim can withstand Rule 12(b)(6) scrutiny. The complaint is problematic. Nance uses a shotgun approach to present a litany of grievances against his employer. He also includes a significant amount of extraneous, non-relevant information in the Complaint. However, the gravamen of the Complaint is that he was subjected to harassment and unlawful employment practices because of his race and age; that he was retaliated against because he filed a workers compensation claim; and that he was denied due process in the termination proceedings. These allegations would likely survive 12(b)(6) scrutiny.

Finally, the Court must determine Nance's ability to present his case without the aid of counsel. In making this determination, the Court is required to look at the complexity of the legal issues and Nance's ability to gather and present crucial facts. Jenkins v. Chemical Bank, 721 F.2d 876 (2d Cir. 1983), cited in Castner v. Colorado Springs.

In this case, Nance represented himself in proceedings before the United States Equal Employment Opportunity Commission. He apparently represented himself in pre-termination and post-termination hearings and proceedings before the Defendant City of Clovis. He filed the Complaint and motions in this case. Notwithstanding his statement that he is unable to adequately represent his own interests, his conduct belies that assertion. Thus, Nance has not been able to establish the last Castner factor.

In the absence of more information on each of the <u>Castner</u> factors, the Court is compelled to deny Nance's motion or appointment of counsel. Nance is privileged, however, to file a new motion within fifteen days addressing each of the <u>Castner</u> factors and provide additional information outlined in <u>Castner v. Colorado Springs Cablevision</u>. Should Nance be able to provide information which the Court views as compelling, the Court may modify its determination.

At this time, however, IT IS ORDERED that Nance's motion [Doc. #2] is DENIED.

                                               */s/ Lorenzo F. Garcia*
                                               Lorenzo F. Garcia
                                               Chief United States Magistrate Judge