IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM L. NANCE,

        Plaintiff,

vs.                                    CIVIL NO.   05-827 LFG/KBM

CITY OF CLOVIS; RAYMOND
MONDRAGON, JOE THOMAS,
NANCEY CLEMENTS, DAVE
RICHARDS, ROB CARTER and
RUBEN GONZALES,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT RICHARDS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Dave Richards' ("Richards") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 16].  Plaintiff *pro se* William Nance ("Nance") did not file a response to Richards' motion and the time in which to do so has expired. [Doc. No. 26.]  Notwithstanding, Nance's failure to file a response to Richards' motion, he did file a response to the Clovis Defendants' similar Rule 12(b)(6) motion.  Because Nance is a *pro se* litigant, the Court gives him the benefit of the doubt in presuming he intended to make the same or similar arguments in response to Richards' Motion to Dismiss.  Therefore, in deciding this motion, the Court considered Richards' motion and brief along with Nance's response [Doc. No. 24.]  There is no need for oral argument.

### Rule 12(b)(6) Motion to Dismiss--Legal Standard

Motions brought under this section of the federal rules are intended to test the legal sufficiency of a party's pleadings and to permit the trial court to terminate lawsuits "that are fatally

flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2005 339 (2005) (*citing* Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993)).

A party's claim may be dismissed if it asserts a legal theory that is not cognizable as a matter of law or because the pleading fails to allege sufficient facts to support a cognizable claim. A dismissal under 12(b)(6) is not a dismissal based on the merits of plaintiff's claim, but is simply a determination that the plaintiff has failed to state a cognizable claim. When a claim is challenged under this rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff, and views the pleading in the light most favorable to the non-moving party. Maez v. Mountain States Tel. and Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995).

If a party's complaint fails to withstand scrutiny under 12(b)(6), leave is generally granted to allow the pleader to attempt to state a cognizable claim in an amended pleading. Leave will not be granted, however, when attempting to re-plead would be futile. Perkias v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). It is with these basic tenets in mind that the Court considers Richards' motion.

## **Analysis**

Richards is identified as the lawyer for the City of Clovis. Nance's Complaint mentions him only three times: at paragraph 6, where he is described as the City Attorney of Clovis at the time the claim arose; at paragraph 25, where Nance alleges that "[a] meeting took place with Ms. Clements and Mr. Richards;" and paragraph 60, where Nance alleges that he "received a hearing" with several persons, including Richards.

Apart from these brief and vague references, there is no indication from the pleadings as to what, if anything, Richards allegedly did to violate Nance's federally protected rights under 42 U.S.C. § 1983 or under Title VII.

### A.     Section 1983 Liability

Nance concedes in his pleading "Response Brief to Motion to Dismiss by the City of Clovis and Motion to Grant Relief," [Doc. 24] that he sued everyone in the City who is in the "chain of command." This is improper. *Respondeat superior* does not serve as a basis for 42 U.S.C. § 1983 liability. Monell v. Dept. of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978); Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000).

Moreover, while § 1983 is the vehicle for enforcing federal constitutional rights against state and local governments and their officials, there are specific pleading requirements. Courts may redress violations of "rights, privileges or immunities secured by the Constitution and [federal] laws," 42 U.S.C. § 1983, that occur under color of state law. No allegations in Nance's complaint demonstrate the requirement that Richards acted under color of state law. Thus, even given the most liberal of readings, Nance's Complaint against Richards cannot survive a 12(b)(6) motion.

It is true that municipal entities and their officials are persons subject to suit for injunctive and declaratory relief under § 1983 when the deprivation of federally protected rights is attributed to enforcement of a municipal policy or practice. However, here Nance fails to allege the existence of an alleged policy or practice that was violated. *See* 1 Martin A. Schwartz, Section 1983 Litigation, § 5.02[B] (4th ed. 2005). Thus, again, Nance's Complaint against Richards is fatally flawed.

Even accepting as true Nance's contentions that Richards is the attorney for the City of Clovis, that a meeting took place with Ms. Clements and Richards, and that Nance received a hearing, as alleged in paragraphs 6, 25 and 60, Nance does not state an actionable claim under 42 U.S.C. §

1983, and his § 1983 claims against Richards will therefore be dismissed without prejudice.

### B.   Title VII Liability

It has been the law in this circuit for nearly a decade that only employers can be sued under Title VII.  Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996).  In other words, a plaintiff may bring a Title VII action against an employer, but not against non-employers.  *See, e.g.*, McBride v. Gallegos, 72 Fed. Appex 786, 788 (10th Cir. July 30, 2003)  ("all Title VII claims brought against Mr. Gallegos must fail as a matter of law because Title VII creates a private right of action against employers who allegedly performed unlawful employment practices.  Mr. Gallegos was not Mr. McBride's employer.") (internal citation omitted), *cert denied,* 540 U.S. 1182 (2004).  Similarly, here, Richards was not Nance's employer.  Accordingly, because Nance did not and, indeed, cannot state a cause against under Title VII against Richards, Nance's Title VII claim against Richards must be dismissed with prejudice.

IT IS ORDERED that Defendant Richards' Motion to Dismiss [Doc. No. 16] is GRANTED with the result that:

(1)  Nance's § 1983 claims against Defendant Richards are dismissed without prejudice; and

(2)  Nance's Title VII claims against Defendant Richards are dismissed with prejudice.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge