IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM L. NANCE,

        Plaintiff,

vs.                                         CIVIL NO.   05-827 LFG/KBM

CITY OF CLOVIS; RAYMOND
MONDRAGON, JOE THOMAS,
NANCEY CLEMENTS, DAVE
RICHARDS, ROB CARTER and
RUBEN GONZALES,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# PARTIALLY GRANTING CITY OF CLOVIS DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss by City of Clovis, Raymond Mondragon, Joe Thomas, Nancye Clements, Rob Carter and Ruben Gonzales ("Clovis Defendants") [Doc. 19]. The Court considered the motion together with Plaintiff William L. Nance's ("Nance") response. [Doc. 24.] Oral argument is not necessary; these matters may be resolved based on the parties' submissions.

### Rule 12(b)(6) Motion to Dismiss--Legal Standard

City Defendants' motion is brought pursuant to Rule 12(b)(6). Such motions are intended to test the legal sufficiency of a party's pleadings and to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2005, 339 (2005) (citing Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993)).

A party's claim may be dismissed if it asserts a legal theory that is not cognizable as a matter of law or because the pleading fails to allege sufficient facts to support a cognizable claim. When a claim is challenged under this rule, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff, and views the pleading in the light most favorable to the non-moving party. Maez v. Mountain States Tel. and Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995).

If a party's complaint fails to withstand scrutiny under 12(b)(6), leave is generally granted to allow the pleader to attempt to state a cognizable claim in an amended pleading. Leave will not be granted, however, when attempting to re-plead would be futile. Perkias v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). It is with these basic tenets in mind that the Court considers this motion to dismiss.

### A. Title VII Liability

It has been the law of this circuit for nearly a decade that only employers, and not individuals, may be sued under Title VII. Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). In this case, Nance was employed by the City of Clovis, and the City of Clovis is a proper Title VII defendant. However, the remaining individuals are not proper Title VII defendants. In McBride v. Gallegos, 77 Fed. Appex 786, 788 (10th Cir. July 30, 2003), the Court stated: "all Title VII claims brought against Mr. Gallegos must fail as a matter of law because Title VII creates a private right of action against employers who allegedly performed unlawful employment practices. . . . Mr. Gallegos was not Mr. McBride's employer." (internal citation omitted), *cert. denied*, 540 U.S. 1182 (2004).

Dismissals under Fed. R. Civ. P. 12(b)(6) are generally entered without prejudice. However, when re-pleading would be futile, the dismissal may be with prejudice. Perkias v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). In this case, it would be futile to allow Nance to

re-plead allegations against individuals under Title VII. Accordingly, the Court will dismiss all Title VII claims against Raymond Mondragon, Joe Thomas, Nancey Clements, Rob Carter and Ruben Gonzales with prejudice.

    **B.**    **42 U.S.C. § 1983 Liability**

The City Defendants correctly note that Nance attempts to bring his 42 U.S.C. § 1983 claims against anyone in the City's "chain of command." In his response, Nance agrees that he has named everyone in the chain of command. This is improper. *Respondeat superior* does not serve as a basis for 42 U.S.C. § 1983 liability. Monell v. Dept. of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978); Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000).

Section 1983 claims may indeed be brought against municipal entities and their officials, as they are subject to suit for injunctive and declaratory relief and compensatory damages under Section 1983. Monnell v. Dept. of Social Services, *supra*, 436 U.S. at 690. The Court stated:

> Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government unites to be included among those persons to whom § 1983 applies.

However, Nance's claim fails to identify any municipal policy or practice that would invoke liability under this section. So, too, it is insufficient to simply identify individuals and assert that they were somehow involved in the claimed constitutional deprivation. Section 1983 claims require specific pleading obligations. Nance must identify the constitutional right or federal statute that was allegedly violated, and he must demonstrate how an individual allegedly violated his federally protected rights. Finally, he must demonstrate that the individual acted under color of state law or that the deprivation of his protected rights was pursuant to a municipal policy or practice.

On all fronts, Nance's § 1983 claims fail as a matter of law. Nance has not demonstrate what constitutional or federally protected right is at issue, nor has he demonstrated how each individual, acting under color of state law or pursuant to an unlawful municipal policy or practice, resulted in the violation of his rights. Nance's § 1983 claims will be dismissed without prejudice.

IT IS THEREFORE ORDERED that the City Defendants Motion to Dismiss is partially GRANTED and partially DENIED, with the result that:

(1)   Nance's Title VII claims against Defendant City of Clovis will proceed;

(2)   Nance's Title VII claims against all individual Defendants are dismissed with prejudice; and

(3)   Nance's § 1983 claims against all Defendants are dismiss without prejudice.

<em>[signature]</em><br>
Lorenzo F. Garcia<br>
Chief United States Magistrate Judge